UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA
WILKES-BARRE DIVISION

| | |
|---|---|
| TANYA NEY,<br><br>　　Plaintiff,<br><br>　　vs.<br><br>PERFORMANT RECOVERY, INC.; and DOES 1 through 10, inclusive,<br><br>　　Defendant. | Civil Action No.:<br><br><br><br>**COMPLAINT AND DEMAND FOR JURY TRIAL** |

## COMPLAINT

### *I.　　INTRODUCTION*

1. This is an action for actual and statutory damages brought by plaintiff Tanya Ney, an individual consumer, against defendant Performant Recovery, for violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 *et seq.* (hereinafter ''FDCPA''), which prohibit debt collectors from engaging in abusive, deceptive, and unfair practices.

1

## II. JURISDICTION

2. Jurisdiction of this court arises under 15 U.S.C. § 1692k(d), and 28 U.S.C. § 1331 and § 1337. Venue in this District is proper in that the Defendant transacts business here and the conduct complained of occurred here.

## III. PARTIES

3. Plaintiff, Tanya Ney is a consumer, a natural person allegedly obligated to pay any debt, residing in Schuylkill County, in the state of Pennsylvania.

4. Defendant, Performant Recovery is a foreign corporation engaged in the business of collecting debt in this state with its principal place of business located in Alameda County at 333 North Canyons Parkway, Suite 100, Livermore, California 94551. The principal purpose of Defendant is the collection of debts in this state and Defendant regularly attempts to collect debts alleged to be due another.

5. Defendant is engaged in the collection of debts from consumers using the mail and telephone. Defendant regularly attempts to collect consumer debts alleged to be due to another. Defendant is a ''debt collector'' as defined by the FDCPA, 15 U.S.C. § 1692a(6).

## IV. FACTUAL ALLEGATIONS

6. Upon information and belief, within one year prior to the filing of this complaint, Defendant placed collection calls to Plaintiff, seeking and demanding payment for an alleged consumer debt owed under an account number.

7. The debt that Defendant is attempting to collect on is an alleged obligation of a consumer to pay money arising out of a transaction in which the money, property, insurance or services which are the subject of the transaction are primarily for personal, family, or household purposes, whether or not such obligation has been reduced to judgment.

8. Upon information and belief, Defendant began contacting Plaintiff and placing collection calls to Plaintiff prior to September 4, 2012.

9. Upon information and belief, Defendant, within one year prior to the filing of this complaint, threatened to garnish Plaintiff's wages itself if Plaintiff did not enter a re-payment program, when it cannot do so.

10. Upon information and belief, Defendant, within one year prior to the filing of this complaint, continued to call Plaintiff at her place of employment after she told Defendant not to. Defendant admitted to Plaintiff that it knew Plaintiff had told it not to call her place of employment, but that the reason it disregarded her request and continued to do so, was because it needed payment from her on the alleged debt.

11. As a result of the acts alleged above, Plaintiff suffered emotional distress resulting in Plaintiff feeling stressed, and embarrassed, amongst other negative emotions.

## V. CLAIM FOR RELIEF

12. Plaintiff repeats and realleges and incorporates by reference to the foregoing paragraphs.

13. Defendant violated the FDCPA. Defendant's violations include, but are not limited to, the following:

  (a) Defendant violated *§1692f* of the FDCPA by using unfair or unconscionable means in connection with the collection of an alleged debt; and

  (b) Defendant violated *§1692e(10)* of the FDCPA by using false, deceptive, or misleading representation or means in connection with the collection of Plaintiff's alleged debt; and

  (c) Defendant violated *§1692e(5)* of the FDCPA by threatening to take action that it did not intend to take; and

  (d) Defendant violated *§1692a(3)* by calling Plaintiff's place of employment with knowledge or the reason to know that the consumer's employer prohibits the consumer from receiving such communication,

without the prior consent of Plaintiff given directly to Defendant or the express permission of a court of competent jurisdiction; and

(e) Defendant violated *§1692d(5)* of the FDCPA by causing Plaintiff's telephone to ring continuously with the intent to annoy, abuse, or harass, the natural consequence of which was to harass, oppress and/or abuse Plaintiff.

14. Defendant's acts as described above were done intentionally with the purpose of coercing Plaintiff to pay the alleged debt.

15. As a result of the foregoing violations of the FDCPA, Defendant is liable to the plaintiff Tanya Ney for actual damages, statutory damages, and costs and attorney fees.

**WHEREFORE**, Plaintiff Tanya Ney respectfully requests that judgment be entered against defendant Performant Recovery for the following:

A. Actual damages.

B. Statutory damages pursuant to 15 U.S.C. § 1692k.

C. Costs and reasonable attorney fees pursuant to 15 U.S.C. § 1692k.

D. For such other and further relief as the Court may deem just and proper.

## DEMAND FOR JURY TRIAL

Please take notice that plaintiff Tanya Ney demands trial by jury in this action.

                                                  RESPECTFULLY SUBMITTED,

DATED: February 15, 2013        By: /s/ Josh Baer_____
                                                  Josh Baer, Esq.
                                                  PA Bar No. 87476
                                                  MARGOLIS EDELSTEIN
                                                  170 S. Independence Square W.
                                                  The Curtis Center, Suite 400E
                                                  Philadelphia, PA 19106-3337
                                                  215.922.1100 (Phone)
                                                  jbaer@margolisedelstein.com

                                                  *Attorney for Plaintiff, Tanya Ney*